U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 1 0 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO: 03-1020<br>CRIMINAL NO: 01-50070-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAMIE SMITH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate under 28 U.S.C. §2255 filed by Defendant, Jamie Smith. [Record Document 656]. For the reasons assigned herein, Defendant's motion is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

On March 14, 2002, a jury found defendant, Jamie Smith ("Smith") guilty to Count 1 of the superseding indictment which charged Smith and others with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, 50 grams or more of cocaine base, marijuana and ecstasy. Smith was also named in Count 24 of the superseding indictment which charged him with having a prior conviction involving a controlled substance for sentencing enhancement purposes. Prior to trial, the superseding indictment was redacted to include only Count 1 as Smith stipulated to having a prior drug conviction.

On June 13, 2002, Smith was sentenced to 360 months imprisonment to be followed by a term of ten years supervised release. The Court also imposed two special assessments of $100 each, one for the conspiracy charge (Count 1) and one for the notice of prior conviction (Count 24). [Rec. Doc. 538]. On June 20, 2002, defense counsel, Daryl Gold, moved to withdraw from the case

because he only contracted with Smith for representation through the trial level, not the appellate process. [Rec. Doc. 540]. Mr. Gold requested the Court grant Smith a thirty day extension of time to exercise his appellate rights. *Id.* Mr. Gold also requested that the Court consider appointing appellate counsel for Smith pursuant to Federal Rules of Appellate Procedure, Rule 4(b)(4). The Court granted Mr. Gold leave to withdraw as counsel on July 8, 2002. *Id.*

On October 28, 2002 Smith filed a *pro se* notice of appeal of his conviction with the Fifth Circuit Court of Appeals. [Rec. Doc. 561]. That same day, Smith filed a motion for the appointment of counsel for assistance with his appeal, which was denied. [Rec. Doc. 562 and 563] On December 5, 2002 the Fifth Circuit dismissed Smith's appeal of his conviction/sentence as untimely. [Rec. Doc. 568].

Smith filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on May 30, 2003. [Rec. Doc. 581]. The motion alleges that Smith was denied effective assistance of counsel for several reasons, including the failure of his counsel to timely file an appeal. Smith's 2255 motion also contained a request for the Court to grant an out-of-time appeal of his conviction. On January 21, 2004, this Court dismissed Smith's pending § 2255 motion without prejudice and granted Defendant's request for an out of time appeal. [Rec. Docs. 593, 594]. Smith's Judgment of Conviction was reinstated on the docket on January 21, 2004, with the ten day delay for appeal running from that date. *Id.*

Smith filed a timely appeal on January 30, 2004. [Rec. Doc. 595]. He also moved for appointment of counsel for assistance with his appeal, which was granted. [Rec. Docs. 596, 598]. The Fifth Circuit affirmed the conviction and sentence in all respects except for the imposition of the $100 special assessment as to Count 24, which was not a count of conviction. [Rec. Doc. 618].

2

The portion of the judgment regarding special assessments was modified to impose only the $100 assessment as to Count 1. *Id.*

Smith appealed the decision of the Fifth Circuit to the United States Supreme Court, which granted his writ of certiorari. The Supreme Court vacated the judgment and remanded the case back to the Fifth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). [Rec. Doc. 620]. On June 29, 2005 the Fifth Circuit issued an opinion on the issue, reviewing Smith's sentence for plain error. [Rec. Doc. 638]. The Court found that Smith had failed to show plain error as to his 360 month sentence, noting that the undersigned stated at Smith's sentencing that the 30-year sentence reflects the seriousness of the offense and Smith's criminal history. *Id.* As such, the Fifth Circuit determined that this Court's statement suggested that a lesser sentence would not have been imposed under advisory guidelines. *Id.* Once again, the circuit court affirmed Smith's conviction and sentence in all respects except for the $100 assessment as to Count 24. *See, supra.*

On September 29, 2006 Smith filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] [Rec. Doc. 656]. Smith asserts he received "ineffective assistance of counsel" at trial because his counsel allegedly (1) failed to challenge the sufficiency of the evidence supporting the conspiracy conviction, (2) failed to object to a U.S.S.G. § 3B1.1 sentencing enhancement, (3) failed to object to the district court's determination of relevant conduct under U.S.S.G. § 1B1.3, (4) failed to object to the fact that Smith's prior offenses were related and not a basis for career offender

---

[1]Because the Court dismissed Smith's first 2255 in its entirety without prejudice and without considering the merits of his motion, the Court does not consider Smith's current motion as a "second or successive". Further, the Government does not assert that the current motion is successive in its response.

status, and (5) failed to request a buyer/seller instruction as to Count 1 of the indictment. [Rec. Doc. 656].

## LAW AND ANALYSIS

Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a complete miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). As a general rule, in order to raise these issues for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. *Vaughn*, 955 F.2d at 168. To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. *See United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *Shaid*, at 233.

However, the general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). Such claims are properly permitted under § 2255, regardless of whether such claims could have been raised on direct appeal. *United States v.. Alanis*, 88 Fed. Appx. 15, 19 (5th Cir. 2004).

To prevail on his claims of ineffective assistance of counsel, Smith must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052

(1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis, Smith must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690, 2066.

Under the second prong of the *Strickland* test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 2068. If Smith fails to establish either prong of the *Strickland* test, his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

A. **Whether Smith's Counsel was Ineffective for Allegedly Failing to Challenge the Sufficiency of the Evidence Supporting Defendant's Conspiracy Conviction.**

The *Strickland* standard also applies to claims of ineffective assistance of counsel on appeal and requires proof of counsel's failure to perform according to reasonable professional standards and proof of prejudice to the defendant. *Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986). While counsel is not required to raise every nonfrivolous ground available on appeal, "a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision" as to whether certain avenues or arguments will prove fruitful. *Amador v. Quarterman*, 458 F.3d 397, 411 (5th

5

Cir. 2006) (quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999)). Solid, meritorious arguments should be discovered and brought to the Court's attention. *Id.* To establish "actual prejudice," the petitioner must show that he would have been afforded relief on appeal. *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000).

To prove a conspiracy to possess with the intent to distribute controlled substances the government must prove the following factors beyond a reasonable doubt: (1) that two or more persons agreed to violate the narcotics law; (2) that each alleged conspirator knew of the agreement; and (3) that the defendant voluntarily participated in the agreement. *United States v. Montgomery*, 210 F.3d 446, 440 (5th Cir. 2000); *United States v. Reliford*, 210 F.3d 285, 290 (5th Cir. 2000); *United States v. Brito*, 136 F.3d 397, 409 (5th Cir. 1998). The agreement may be tacit and may be inferred from circumstantial evidence. *United States v. Crooks*, 83 F.3d 103, 106 (5th Cir. 2003).

Smith argues that the government failed to prove that he agreed to participate in a conspiracy. However, a review of the trial transcript in its entirety reveals that there was evidence presented at trial showing that Smith obtained crack cocaine and other drugs from Donald Babineaux, Vincent Hall, Sean Stephens, Antonio Jacobs and individuals from Mexico. [*See* Trial Tr. pp. 150-156, 164, 173, 196, 197, 225, 227, 268, 273]. The transcript also reveals that evidence was presented showing Smith distributed these drugs to various persons in the neighborhood, such as Damion Brock, Alfred Washington, and Troy Baker. [*See* Trial Tr. pp. 179, 196, 197, 207, 210, 272-273]. Although there was testimony that Smith may have stolen drugs from Donald Babineaux in the past, Babineaux testified that even after the robbery Smith was still obtaining drugs from him through Jacobs. [Trial Transcript Vol.1, pg. 157.]

Based on the foregoing, it appears there was sufficient evidence in the record from which a

reasonable jury could find that Smith participated in the drug conspiracy. This Court cannot find that Smith's appellate counsel was ineffective for failing to assert an argument that lacked factual support.

**B.  Whether Smith's Counsel was Ineffective for Allegedly Failing to Object to a U.S.S.G. §3B1.1 Sentencing Enhancement.**

The sentencing guidelines allow a defendant's sentence to be enhanced if defendant played an aggravating role in the offense. Pursuant to U.S.S.G. §3B1.1(a), a defendant's offense level may be increased by four levels if the defendant was an organizer or leader of an extensive criminal activity. In determining the leadership status of a defendant, the court should consider the following factors: "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others." U.S.S.G. §3B1.1 n.4; *United States v. Lage*, 183 F.3d 374, 383 (5th Cir. 1999). The district court may find that a defendant exercised a leadership role by inference from the available facts. *United States v. Cabrera*, 288 F.3d 163, 174 (5th Cir. 2002).

Smith argues that his Counsel was ineffective at trial for failing to object to a sentencing enhancement pursuant to §3B1.1(a). He relies on excerpts of testimony at trial to argue that he was not an organizer or leader of the criminal activity alleged in this case. Specifically, Smith argues that he was merely in a buyer-seller relationship, which is insufficient to support the enhancement. But in this case, the presentence investigation report ("PSR") found that Smith was eligible for the enhancement. A PSR "generally bears sufficient indicia of reliability to be considered by the trial

7

court as evidence in making the factual determinations required by the sentencing guidelines." *United States v. Bermea*, 30 F.3d 1539, 1575 (5th Cir. 1994).

The PSR indicates that "the combined investigation of multi area law enforcement agencies revealed the defendant was a co-leader or organizer of an extensive criminal activity known as the Jack's Quarter Bloods." PSR ¶ 56. "The investigation revealed that the defendant received and/or distributed crack cocaine, powder cocaine, and marijuana to more than five (5) people, including Antonio Jacobs, Michael Anthony, Alfred Washington, Anthony Jeter, Troy Baker, Ronald Babineaux, Donald Babineaux, and others." *Id.* The report also states that Smith and Antonio Jacobs were selling powder cocaine, crack cocaine, ecstasy (MDMA), and marijuana around the Bossier City neighborhood known as Jack's Quarters. PSR ¶ 25. This activity was carried out by Smith, Jacobs, and members of the Jack's Quarters Boys (or Jack's Quarters Bloods) who would then sell drugs distributed to them mostly by Smith and Antonio Jacobs. *Id.* In January 2001, the FBI conducted a wiretap on a cellular phone used by Jacobs and intercepted 400 drug-related conversations. PSR ¶ 36. Smith is overheard in at least four conversations "brokering drug deals and discussing the process of delivering narcotics to his customers." PSR ¶ 37. Further, the FBI investigation revealed that Smith was responsible for orchestrating the flow of drugs in the Jack's Quarters area of Bossier City, Louisiana. PSR ¶ 40. Smith and Jacobs were considered co-leaders of the conspiracy, as they were "responsible for securing a source of cocaine and distributing it among the individuals associated with the Jack's Quarter Bloods." PSR ¶41.

Based on the foregoing, the district court reasonably concluded Smith had a leadership role in the drug conspiracy. Smith's trial attorney cannot be found to be ineffective for failing to raise a meritless claim. *United States v. Killer*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure

to raise a meritless argument...cannot form the basis of a successful ineffective assistance of counsel claim because the resulting proceeding would not have been different had the attorney raised the issue.").

C. **Whether Smith's Trial Counsel was Ineffective for Failing to Object to the Court's Determination of Relevant Conduct under U.S.S.G. §1B1.3.**

Under U.S.S.G. §2D1.1(a)(3), the offense level of a defendant convicted of a drug trafficking offense is determined by the quantity of drugs involved in the offense. This quantity includes *both* drugs with which the defendant was directly involved *and* drugs that can be attributed to the defendant in a conspiracy as party of his "relevant conduct" under §1B1.3(a)(1)(B). *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994). "Relevant conduct" for conspiratorial activity is defined in §1B1.3(a)(1)(B) as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Thus, in calculating the amount of drugs attributable for each defendant as "relevant conduct," a district court must determine that the conduct was both "reasonably foreseeable" to the defendant and within the scope of the defendant's agreement. *Id.* (citing *United States v. Evbuomwan*, 992 F.2d 70, 72 (5th Cir. 1993)).

Smith argues that his trial counsel was ineffective for failing to object to the Court's finding that Smith was a co-conspirator under §1B1.3(a)(1)(B). Specifically, Smith alleges that the Court sentenced him as a co-conspirator without making a particularized finding that all of the drugs charged in the conspiracy were reasonably foreseeable to him.

Here, the PSR provide that defendant was ultimately held responsible for 1.5 kilograms of crack cocaine. PSR ¶ 53. According to the PSR, co-conspirator Michael Anthony witnessed one (1) kilogram of powder cocaine being cooked into crack cocaine at Jacobs' apartment. PSR ¶ 30.

9

One (1) kilogram of powder cocaine is essentially equivalent to two (2) kilograms of crack cocaine. *Id.* Alfred Washington, another co-conspirator, stated he saw Jacobs, on a separate occasion, in possession of a kilogram of power cocaine which was cooked into two (2) kilograms of crack cocaine. PSR ¶ 33.

In the instant case, the district court simply adopted the PSR, including the quantity attributed from the conspiracy. District courts are allowed to make implicit findings of fact by adopting the PSR. *Carreon*, 11 F.3d at 1231 (citing *United States v. Sherbak*, 950 F.2d 1095, 1099 (5th Cir. 1992)). Because, Smith and Jacobs were considered co-leaders of the conspiracy, Smith would have reasonably foreseen Jacobs' possession of *at least* those four (4) kilograms of crack cocaine. *See, supra.* Consequently, there was no basis for objection and Smith's trial counsel was not ineffective for failing to make such an objection.

**D. Whether Smith's Trial Counsel was Ineffective for Failing to Object to the Fact that Smith's Prior Offenses were Related and not a Basis for Career Offender Status.**

At the time Smith was sentenced in 2001, U.S.S.G. §4A1.2 provided: "Prior sentences in related cases are to be treated as one sentence" for purposes of calculating a defendant's criminal history category. Smith claims his trial counsel was ineffective for failing to challenge the determination that he was a career offender. Specifically, Smith argues that because his two prior state convictions for manslaughter and possession of controlled substance were consolidated for sentencing as part of a plea agreement, those offenses were "related" and therefore could not serve as the basis for career offender status.

However, comment 3 (Nov. 2001) of §4A1.2 stated: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is

arrested for the first offense prior to committing the second offense)." Smith was arrested for manslaughter on January 30, 1991. PSR ¶ 66. On June 6, 1991, he was arrested for distribution of cocaine. PSR ¶ 68. Pursuant to the Guidelines, these offenses cannot be considered "related" because he was arrested for manslaughter nearly six months before he distributed crack cocaine on June 6, 1991. *See* PSR ¶ 69. The fact that Smith pled guilty to both offenses on the same date does not change the nature of these sentences or consolidate them into a single sentence for purposes of determining his criminal history category under §4A1.2. The district court appropriately determined Smith was a career offender and his trial counsel cannot be considered ineffective for failing to make a frivolous argument. *See, supra.*

E. **Whether Smith's Trial Counsel was Ineffective for Failing to Request a Buyer/Seller Instruction as to Count One of the Indictment.**

Lastly, Smith claims his counsel was ineffective for failing to request a buyer-seller instruction. He argues "that a rational trier of fact could not have concluded that the petitioner's involvement with the Babineaux organization consisted of anything more than a buyer-seller relationship." [Rec. Doc. 656, p.38]. Essentially, Smith appears to argue that the jury should have been instructed to acquit if they believed he purchased the cocaine for his own personal use and not to facilitate a drug conspiracy. This argument fails because there evidence presented at trial demonstrated Smith was involved in a drug conspiracy, not merely a buyer-seller relationship. *See, supra.* Further, the Fifth Circuit has already determined that jury instructions pertaining to a drug conspiracy adequately cover Smith's buyer-seller theory. *See United States v. Thomas*, 12 F.3d 1350, 1365-66 (5th Cir. 1994). In *Thomas*, the circuit court acknowledged that the drug conspiracy laws focus exclusively on the question "whether the participants knowingly joined an agreement to

11

distribute drugs in violation of the law." *Id.* (quoting *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)). If "the evidence demonstrates only that someone purchased drugs from the conspiracy and did not agree to join it, 'the elements necessary to prove a conspiracy would be lacking, and a not guilty verdict would result.'" *Id.* (quoting *Maseratti*, 1 F.3d at 336).

Consequently, Smith was not entitled to a separate buyer-seller instruction and his trial counsel was not ineffective for failing to request such an instruction. *See Martinez v. Quarterman*, 270 Fed.Appx. 277, 295 (5th Cir. 2008) (finding that because the petitioner was not entitled to lesser-included offense jury instruction, he failed to demonstrate his counsel was ineffective for failing to request such an instruction); *see also, United States v. Wise*, 221 F.3d 140, 147 (5th Cir. 2000) (recognizing that jury instructions, as a whole, should reflect "a correct statement of the law" and clearly instruct jurors "as to the principles of the law applicable to the factual issues confronting them").

## CONCLUSION

The Court finds that Smith did not establish the requisite "cause" and "prejudice" needed to prove a claim of ineffective assistance of counsel. Therefore, **IT IS ORDERED** that Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Rec. Doc. 656] be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10 day of August, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

12