**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**UNITED STATES OF AMERICA**  CASE NO. 5:01-50070-02

**VERSUS**  JUDGE ROBERT G. JAMES

**JAMIE SMITH (2)**  MAGISTRATE JUDGE HORNSBY

## RULING

Before the Court is Defendant Jamie Smith's Objection to First Step Act Recalculations and Sentencing Memorandum in Support of a Reduced Sentence. [Doc. No. 949]. Pursuant to his memorandum, Smith objects to the United States Probation Office's determination that he is ineligible for relief under the First Step Act of 2018 ("FSA") and urges the Court to reduce his sentence of 360 months and "impose a downward variance sentence of 240 months." *Id.* at 1. By its response, the government contends Smith is not eligible for relief under the FSA, because "his statute of conviction is not a covered offense." [Doc. No. 950 at 1]. Alternatively, the government urges the Court to exercise its discretion and deny relief. *Id.* at 6. For the reasons that follow, the Court SUSTAINS Defendant's objection and will REDUCE the sentence to 300 months.

### I.
#### BACKGROUND

On August 23, 2001, Smith and eighteen others were named in a thirty-one count Superseding Indictment, alleging various narcotics and firearms charges.[1] [Doc. No. 176]. Smith was named in Count 1, which charged Smith and his co-defendants with conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base (or

---

[1] Defendant was named in the original twenty-eight count Indictment, issued on July 27, 2001, along with sixteen other individuals. [Doc. No. 80].

"crack"), marijuana and MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 2. Smith was additionally named in Count 24, which was "not a count of conviction but . . . merely advised Smith of the possibility of an increased sentence based on a prior state felony conviction." [Doc. No. 618 at 3; *see also* Doc. No. 176 at 9]. On March 13, 2002, counsel for Smith stipulated Smith had previously been convicted of a felony drug offense and Count 24 was redacted from the Superseding Indictment. [PSR at 4, ¶ 5]. Smith alone proceeded to trial the same day. On March 14, 2002, the jury returned a verdict of guilty on the conspiracy charge and further found the conspiracy involved five kilograms or more of cocaine and fifty kilograms or more of cocaine base. [Doc. No. 475].

On June 12, 2002, a sentencing hearing was held. The Presentence Investigation Report ("PSR") found Smith to be responsible for more than 4.5 kilograms of cocaine base and 50.5 kilograms of powder cocaine. [PSR at 9, ¶ 52]. However, only the 4.5 kilograms of cocaine base was used to determine Smith's offense level, as that amount resulted in a higher base offense level (a base offense level of 38) than the powder cocaine.[2] *Id.* Smith was found to be a leader of criminal activity involving five or more persons, thereby increasing his base offense by four levels, resulting in a total offense level of 42. [PSR at ¶¶ 41, 56; *see also* Doc. No. 776 at 8]. The PSR assigned a Criminal History Category of VI. *Id.* at ¶¶ 83-84. Smith's statutory sentencing range was twenty years to life. His guideline range was 360 months to life. [PSR at ¶¶ 107-08]. No objections were filed as to the findings set forth in the PSR. Pursuant to the then mandatory guidelines for Smith's level and category, Smith was sentenced to 360 months imprisonment, to be followed by ten years of supervised release. [Doc. No. 538].

---

[2] Had the Probation Officer used the Drug Equivalency Tables in effect at the time of sentencing, Smith's base offense level would have been a Level 36, rather than a Level 38. USSG 2.D1.1 (2001).

On appeal, the Fifth Circuit affirmed the conviction and the 360-month sentence and ten-year term of supervised release.[3] On January 24, 2005, the United States Supreme Court vacated the judgment and remanded the case to the Fifth Circuit "for further consideration in light of United States v. Booker, 543 U.S. ___ (2005)." [Doc. No. 620 at 1]. On June 27, 2005, the Fifth Circuit issued its opinion, finding that because defense counsel failed to "preserve his Booker issues by objection in the district court," it would review the sentence for plain error. [Doc. No. 638 at 2]. The Fifth Circuit found in pertinent part as follows:

> Smith points to the sentencing court's explicit intention to impose the minimum sentence as proof that the court would have imposed a lesser sentence under advisory guidelines. Imposition of the minimum guidelines sentence does not establish that the court would have imposed a lesser sentence. Moreover, the sentencing judge stated that a 30-year sentence reflects the seriousness of the offense and Smith's criminal history. The court's statement suggests that it would not have imposed a sentence of less than 360 months under advisory guidelines.

*Id.* 3 (citation omitted). Accordingly, the Court's judgment was again affirmed. *Id.*

## II.
### APPLICABLE LAW

At the time Smith was sentenced, distribution of 50 grams or more of crack cocaine and distribution of 5 kilograms or more of powder cocaine each carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (West 2003). In 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the

---

[3] The Court additionally imposed a $200 special assessment. On appeal, the Fifth Circuit modified the judgment to reflect a special assessment of only $100. [Doc. No. 618 at 3].

ten-year mandatory minimum sentence from 50 grams to 280 grams. *Id.* at 269. No changes were made to the powder cocaine thresholds of § 841(b). The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

### III.
#### ANALYSIS

**A.    Whether Defendant is eligible for relief under the First Step Act**

Defendant contends he is eligible for relief under the First Step Act, arguing as follows:

> The First Step Act authorizes a court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if" section 2 or 3 of the Fair Sentencing Act of 2010 (FSA) "were in effect" when the crime occurred. First Step Act § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that was "committed before August 3, 2010." Sec. 404(a). Smith was

> convicted of violating 21 U.S.C. §§ 841(a)(1) and committed his offense before August 3, 2010. The statutory penalties for the Federal criminal statute he was convicted of violating were modified by section 2 of the FSA. That is all that is required for eligibility for a reduced sentence, as the "vast majority" of district courts, including this very Court, have concluded.

[Doc. No. 949 at 3]. The government argues Smith is ineligible for relief, because he was charged and convicted of conspiracy to distribute over five kilograms of powder cocaine (in addition to cocaine base), which independently triggered his statutory base penalty of ten years to life imprisonment. [Doc. No. 950 at 4]. Because the statutory penalties for distribution of powder cocaine were not modified by section 2 or 3 of the Fair Sentencing Act, the government contends Smith's conviction is not a "covered offense." *Id.* at 5.

The Fifth Circuit has not yet provided guidance on how to construe First Step Act eligibility for offenses involving conspiracies to distribute multiple controlled substances, one of which is cocaine base. However, the Court finds the language of the First Step Act, on its face, does not limit eligibility to defendants whose convictions solely involved cocaine base. *See* FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194, Sec. 404(a) ("the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010"). Here, Defendant pleaded guilty to conspiring (§ 846) to commit a violation of § 841, and the statutory penalty for one object of that conspiracy (distribution of cocaine base) has been "modified by section 2 . . . of the Fair Sentencing Act of 2010." *Id.*; *see also United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) (If a defendant "was convicted of *violating* a statute whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"). Accordingly, the Court finds Smith committed a "covered offense" and is, as a threshold matter, eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre and post-sentencing conduct. *See United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[4] Smith was convicted of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). With the application of the 21 U.S.C. § 851 enhancement, his statutory sentencing range was, and remains, twenty years to life.[5] The Court finds Smith's sentencing guideline range remains 360 months to life.

The Government asserts the Court should exercise its discretion and deny relief arguing, "Given the known quantity of powder cocaine and cocaine base involved in the offense, and his specific role in the conspiracy, Smith would have received the same sentence if the Fair Sentencing Act had been in effect at the time of the original sentencing. . . ." [Doc. No. 950 at 6]. In this respect, the Government contends that a sentence reduction will constitute an unjustified "windfall" to Smith based solely on the date of his prosecution, thereby creating unwarranted sentencing disparities. *Id.* It further argues his criminal history should preclude any reduction in his sentence. *Id.* at 7.

---

[4] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited January 29, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

[5] Under current law, Smith's enhanced statutory range would be fifteen years to life. However, the portion of the First Step Act lowering the statutory enhanced sentencing range appears not to have been made retroactive. FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

Smith was approximately 23 years old at the commencement of the conspiracy. [Doc. No. 176; PSR at 3]. He is now almost 46 and has served approximately 222 months in prison. [Doc. No. 5]. The only violent offense in Smith's criminal history (manslaughter) occurred almost thirty years ago when he was 16. [PSR at ¶ 65]. Smith is currently incarcerated at FMC Fort Worth and his security level classification is low. [Doc. No. 949-1 at 1]. Shortly after his transfer to that facility in 2017, Smith began working as an Austin Unit orderly. He previously worked as a Laundry Detail worker. While incarcerated, Smith has earned his GED and has completed numerous educational and vocational classes. *Id.* at 2. Significantly, Smith has no history of violence during his incarceration. He does have four relatively minor incidents, with three of those incidents occurring over fifteen years ago. The fourth incident, being insolent to a staff member, occurred nearly seven years ago. *Id.*

After consideration of the § 3553(a) factors, including the history and characteristics of Mr. Smith, the need to afford adequate deterrence to criminal conduct, and to promote respect for the law, as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence of imprisonment to 300 months is sufficient but not greater than necessary to comply with the purposes of sentencing and the First Step Act. Such a sentence is a substantial prison term, commensurate with the crime Smith committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era.[6] Accordingly,

---

[6] According to a report by the United States Sentencing Commission, "courts often sentence [ ] offenders to the statutory mandatory minimum term of imprisonment regardless of the applicable guideline range." U.S. Sentencing Comm'n, *Mandatory Minimum Penalties for Drug Offenses in the Federal Criminal Justice System* (October 2017), p. 48, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171025_Drug-Mand-Min.pdf (last visited Jan. 29, 2020). Of all offenders eligible to receive a section 851 enhancement, Black offenders are disproportionately subjected to such enhancements at the time of sentencing when compared with all other races. U.S. Sentencing Comm'n, *Application and Impact of 21 U.S.C. § 851: Enhanced Penalties for Federal Drug Trafficking*

IT IS HEREBY ORDERED that the Objection to First Step Act Recalculations [Doc. No. 949] is SUSTAINED, and the Court will issue an amended judgment reducing Smith's term of incarceration to 300 months, with all other provisions of the judgment imposed on June 12, 2002 [Doc. No. 538], as modified on June 27, 2005 [Doc. No. 638], remaining in effect.

SIGNED this 30th day of January, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

*Offenders* (July 2018), pp. 7, 32-36, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180712_851-Mand-Min.pdf (last visited Jan. 29, 2020).