UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:01-CR-50070-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JAMIE SMITH (02)** | **MAGISTRATE JUDGE HORNSBY** |

### ORDER and REASONS

Before the Court is a motion for sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines (effective Nov. 1, 2014), filed by Defendant Jamie Smith. [ECF No. 877]. For the reasons that follow, the motion is DENIED.

On June 12, 2002, Defendant was sentenced to 360 imprisonment, to be followed by ten years of supervised release. [ECF No. 538]. On January 30, 2020, the Court reduced Defendant's sentence of imprisonment to 300 months, pursuant to Section 404 of the First Step Act of 2018.[1] [ECF Nos. 951, 952]. Prior to issuance of the Ruling reducing Defendant's sentence pursuant to the First Step Act, Defendant had filed the present motion for sentence reduction pursuant to Amendment 782. However, the Court was unaware the motion remained pending at the time this case was transferred to the undersigned. After a full review of the underlying record, the Court finds there is no change to Defendant's sentencing guideline range.

At his original sentencing, Defendant's total offense level was determined to be a level 42, and his criminal history category was VI, resulting in a sentencing guideline range of 360 months to life in prison. [ECF No. 955 at 9-10, 13-14, 17]. Under the current sentencing guidelines manual,

---

[1] Defendant's projected release date is Apr. 16, 2022. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 31, 2021).

Defendant's total offense level is $38^2$ and his criminal history category is $V^3$, resulting in a sentencing guideline range of 360 months to life. Because there is no change to Defendant's sentencing guideline calculation pursuant to Amendment 782, the motion for sentence reduction [ECF No. 877] is DENIED.

SIGNED this 31st day of August, 2021.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Under the current sentencing guidelines manual, Defendant's base offense level is 34 whether the Court determines his base offense level by using only 4.5 kilograms of cocaine base (*i.e.* the amount of drugs used to calculate Defendant's base offense level in the original Presentence Report), or whether the Court uses the converted drug weight determined by combining 4.5 kilograms of cocaine base and 50.5 kilograms of powder cocaine. [*See* ECF No. 955 at 9-10, ¶ 52; *see also* ECF No 951 at 2, n.2]. An additional four points are added pursuant to 3B1.1(a), resulting in a total offense level of 38.

[3] Defendant originally had 13 criminal history points, resulting in a criminal history category of VI. [ECF No. 955 at 14]. Under the current sentencing guidelines manual, Defendant has 12 criminal history points, as the provision assessing 1 criminal history point at p. 14, ¶ 82 of the PSR has been repealed. [ECF No. 955 at 14, ¶ 82 (citing USSG 4A1.1(e) of the Nov. 1, 2001 sentencing guideline manual)]. Under the current sentencing guidelines manual, 12 criminal history points results in a criminal history category of V.